UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ALPHONSO WILLIAMS, # 187172,

Petitioner,

v.

Case Number: 11-cv-10450
Honorable Marianne O. Battani

JEFFREY WOODS,

Respondent.
_________________________________________/

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT THEREBY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

This is a habeas case filed under 28 U.S.C. § 2254. Michigan prisoner, Eric Alphonso Williams ("Petitioner") is currently incarcerated by the Michigan Department of Corrections at the Kinross Correctional Facility in Kincheloe, Michigan. He filed this *pro se* Habeas Petition challenging his 1992 jury convictions in the Oakland County Circuit Court for (1) two counts of armed robbery, (2) one count of breaking and entering an occupied dwelling with intent to commit larceny, (3) three counts of felony firearm, and (4) one count of receiving and concealing stolen property. Petitioner also pleaded guilty to being a third-felony offender. He was sentenced to concurrent prison terms of thirty to sixty years for the armed-robbery and breaking-and-entering convictions, three to five years for the receiving-and-concealing conviction, and a consecutive two-year prison term for each of the felony-firearm convictions. In his Habeas Petition, he raises claims concerning newly discovered evidence, his actual innocence, and the effectiveness of trial and appellate counsel. He supports his position with an Affidavit from a

person named Antonio Hill, who claims to have committed the robbery.

In lieu of filing an Answer to the Petition, Respondent filed a Motion for Summary Judgment, requesting that the Petition be dismissed on the ground that it has not been filed within the applicable statute of limitations period under 28 U.S.C. § 2244. The Court agrees with Respondent that the Habeas Petition is time-barred. Consequently, Respondent's Motion is granted and the Habeas Petition is dismissed with prejudice. The Court also declines to issue Petitioner a Certificate of Appealability.

## II. BACKGROUND

The Michigan Court of Appeals provided a brief summary of the facts, which is presumed correct on habeas review. *See Monroe v. Smith*, 197 F.Supp.2d 753, 758 (E.D. Mich. 2001), *aff'd*, 41 F.App'x 730 (6th Cir. 2002) (citations omitted). The Court of Appeals stated:

> This case arises from the February 26, 1993 robbery of James Overton and his 95-year old mother, Easter Overton. When he returned home that evening, James Overton was confronted by defendant and another man. Both men wore masks and similar clothing. Defendant was armed with a nine millimeter gun, while the other man carried a .32 automatic weapon. Defendant put the nine millimeter gun to Overton's head, threatened to "blow his brains out," and forced him to open the door.
>
> Once inside, the man with the .32 automatic tied Overton's hands behind his back, as defendant continued to point the nine millimeter gun at Overton's temple. After taking approximately $213 from Overton's wallet, the men stole another $758 from his dresser drawer. Overton also heard defendant state that he found a diamond ring while rummaging through the drawers. The two men then took Overton upstairs and shoved him into his mother's bed. Defendant then shot into the mattress near Overton's head. After defendant threatened to shoot her son if Easter Overton did not give up all her money, she gave defendant ninety-five cents. After defendant and the other man left, Overton reported the robbery to the Pontiac police, fully describing his stolen property.
>
> Meanwhile, three blocks away from the victims' home, police were called to an apartment where defendant had been shot in the upper leg. Defendant was transported by ambulance to Pontiac Osteopathic Hospital. A nurse there

> informed Officer James Brown that defendant had a large amount of money on his person. Upon investigation, Officer Brown found $778 in currency and some food stamps in the pocket of a pair of shorts lying under defendant's pillow. He also noticed that defendant was wearing two rings on his finger. Officer Brown then contacted the officer conducting the robbery investigation. Overton was brought to defendant's hospital room where he identified the ring as his own. He also identified defendant's voice as the robber.

*People v. Williams*, No. 160497 (Mich.Ct.App. Mar. 13, 1995).

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising four claims concerning prosecutorial misconduct: (1) the prosecutor prejudicially characterized him as a drug dealer living in a high drug-trafficking area; (2) the prosecutor expressed a personal belief in his guilt; (3) the prosecutor referred to him as "nine millimeter" throughout the trial; and (4) the prosecutor improperly attacked his alibi witness for failing to come forward with exculpatory evidence before trial. On March 13, 1995, the Court of Appeals affirmed Petitioner's convictions. *Williams*, No. 160497.

Petitioner subsequently filed a Delayed Application for Leave to Appeal that decision with the Michigan Supreme Court, raising the same claims. On December 27, 1995, the Supreme Court denied his Delayed Application. *People v. Williams*, 450 Mich. 955, 548 N.W.2d 632 (1995) (Table).

Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Rather, he filed a Motion for Relief from Judgment with the state trial court, which was denied on October 24, 1996. *People v. Williams*, No. 91-115674-FC (Oakland County Circuit Court Oct. 24, 1996). His Motion for Reconsideration was denied on November 25, 1996. The Court of Appeals subsequently denied Petitioner's Delayed Application for Leave to Appeal and his Motion to Remand. *People v. Williams*, No. 200210 (Mich.Ct.App. Feb. 27,

1998). In his Petition, Petitioner alleges that he attempted to file an Appeal from that decision with the Michigan Supreme Court, but the pleadings were lost or misplaced. An Affidavit from the Michigan Supreme Court Clerk indicates that an Appeal was never filed.

Rather, ten years later, in February 2008, Petitioner filed a second Motion for Relief from Judgment with the state trial court, alleging that he had newly discovered evidence. The trial court denied the Motion on May 13, 2008. *People v. Williams*, No. 92-115674-FC (Oakland County Circuit Court May 13, 2008). The Court of Appeals denied his Delayed Application for Leave to Appeal on August 24, 2009, "because defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Williams*, No. 291308 (Mich.Ct.App. Aug. 24, 2009). The Court of Appeals also denied his Motion to Remand. On March 29, 2010, the Michigan Supreme Court denied his Application for Leave to Appeal for the same reason. *People v. Williams*, 485 Mich. 1125, 779 N.W.2d 815 (2010) (Table).

Petitioner filed the pending Habeas Petition on February 4, 2011. It was signed and dated January 25, 2011.

## III. DISCUSSION

### A. Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the non-moving party must present evidence demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-moving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252. The Court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255.

Rule 56 applies to habeas proceedings. See Rule 12 of the Rules Governing § 2254 Cases; *Harris v. Stegall*, 157 F.Supp.2d 743, 747 (2001); *Kirschke v. Prelesnik*, No. 10-CV-10229, 2011 WL 346097 (E.D. Mich. Feb. 3, 2011) (citing *Harris*, 157 F.Supp.2d at 747).

**B. Statute of Limitations Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for a state prisoner to file a federal habeas corpus petition. The AEDPA applies to all habeas petitions filed after the Act's effective date of April 24, 1996. *See Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)); *see also Wall v. Kholi*, --- U.S. ---, ---, 131 S.Ct. 1278, 1283 (2011) (same). The AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

> action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). A petitioner whose conviction became final before the AEDPA's effective date of April 24, 1996, is entitled to a one-year grace period (i.e. until April 24, 1997) to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000).

In this case, Petitioner's convictions became final prior to April 24, 1996. Thus, absent statutory or equitable tolling, he was required to file his Habeas Petition on or before the expiration of the AEDPA's April 24, 1997 grace period.

In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of Mich.Ct.R. 6.500 et. seq. Pursuant to the AEDPA's statute of limitations, "the one-year limitation period is tolled for the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(2)). But tolling is effective only when collateral review is properly sought within the limitations period. That means a petitioner must file the proper documents pleading available grounds for relief within the proper time. "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Where the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000), *cert. denied*, 531 U.S. 840 (2000); *see also Neal v. Bock*, 137 F.Supp.2d 879, 884 (E.D. Mich. 2001) (same). That is because there is no remaining period to be tolled. *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001). After completion of state-court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

**C. Application**

**1. Statutory Tolling**

Because it is unclear from the trial court's docket when Petitioner's first Motion for Relief from Judgment was filed, the Court will assume, for purposes of this Opinion, that he filed the Motion on April 24, 1996, and that the limitations period was tolled until February 1998, when the Court of Appeals denied his Delayed Application. Petitioner then would have had until February 1999, to file his Habeas Petition or otherwise properly toll the limitations period.

Petitioner's second Motion for Relief from Judgment was not filed until February 2008, over nine years after the limitations period had already expired. His untimely Motion did not toll or restart the running of the statute of limitations. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Because Petitioner did not file his Motions for state post-conviction review until after the expiration of the AEDPA's one-year grace period, those Motions have no effect on the tolling of the statute of limitations. 28 U.S.C. § 2244(d)(2); *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir.2002) (same); *Webster*

*v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Winkfield v. Bagley*, 66 F.App'x 578, 581 (6th Cir. 2003) (citing *Webster* to hold that "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations").

To the extent Petitioner relies on section 2244(d)(1)(D) to trigger the running of the limitations period, his Petition would still be untimely. Under section 2244(d)(1)(D), a habeas petition may be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner's evidence consists of an Affidavit from Antonio Hill, who claims that he and Eric Rodgers committed the crime. The Affidavit was dated October 24, 2007, fifteen years after the offense was committed.

Petitioner alleges that the start of the limitations period should be from Hill's Affidavit. Even if Petitioner is given that benefit, his Petition is still untimely. Despite the Affidavit being dated October 24, 2007, Petitioner did not file his Motion for Relief from Judgment with the trial court until almost four months later, on February 7, 2008. At that point, 106 days of the limitations period had run. When the Michigan Supreme Court denied Petitioner's Delayed Application on March 29, 2010, Petitioner would have had 259 days remaining to file his Petition, or until December 13, 2010. He did not date his Habeas Petition until January 25, 2011, well after the limitations period had already expired.

In his Reply Brief, Petitioner claims that he did not received Hill's Affidavit until the end of November or early December 2007, despite the postmark indicating it was mailed on November 2, 2007. He claims there are other postmarks on the envelope showing it was mailed on November 22, 2007.

The Court finds that the date on the envelope clearly indicates that the Affidavit was mailed on November 2, 2007. However, even if the Court were to give Petitioner the benefit of the extra days, his Habeas Petition is still untimely. He is not entitled to statutory tolling.

**2. Equitable Tolling**

The United States Supreme Court has held that habeas petitions are subject to equitable tolling by the court. *Holland v. Florida*, --- U.S. ---, 130 S.Ct. 2549, 2560 (2010). Under *Holland*, a habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at --- U.S. ---, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that equitable tolling is appropriate. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir .2002). In this case, Petitioner fails to satisfy either requirement.

The Sixth Circuit also has found equitable tolling appropriate "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt . . . ." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). When that is the case, "the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* The claim of actual innocence requires a petitioner to support his allegations of constitutional error with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614,

623 (1998)).

To the extent that Petitioner alleges that he is entitled to equitable tolling because he is actually innocent, Petitioner's claim should fail because his proffered evidence does not meet the exacting standard to support a credible claim of actual innocence as outlined in *Souter*. While one could characterize Petitioner's Affidavit as "new," the evidence may not be characterized as new credible evidence. It surely is not "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Hill's Affidavit was submitted fifteen years after the fact. Hill alleges his responsibility for Petitioner's crime, fifteen years after the date of the offense. Hill states that he knows that he cannot be held responsible for the crimes because of the statute of limitations. Interestingly, Hill also claims to have worked for James Overton "under the table," as a handyman in Pontiac and Detroit and states that he robbed Overton because Overton owed him money. If Hill had in fact worked for Overton then Overton in all likelihood would have recognized Hill's voice.

The Affidavit in question is simply not credible or the type of new reliable evidence which shows that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Moreover, there was strong evidence of Petitioner's guilt. Petitioner was found with the valuables taken from the victim the same evening as the home invasion and armed robbery. Overton identified the ring worn by Petitioner as the "rare" ring taken from him less than an hour earlier that evening. There was no question in Overton's mind that that was his ring. The number and denominations of the cash and food stamps found with Petitioner were consistent with those taken from the victim. Overton, who had listened carefully to Petitioner throughout the incident, identified him by his voice as the man who robbed him. He

said Petitioner was the man with the nine-millimeter gun who put the gun to his head and told him that he would blow his brains out.

Unlike the "rare" and "extraordinary" circumstances in *Souter*, Petitioner in this case has failed to make a credible showing of actual innocence. Hill's Affidavit does not provide reliable support for Petitioner's claim of actual innocence and is insufficient to equitably toll the limitations period.

Petitioner filed his Habeas Petition almost fourteen years after the AEDPA's grace period expired. He is not entitled to statutory or equitable tolling. Nor has Petitioner presented new reliable evidence to support his actual-innocence claim.

**D. Certificate of Appealability**

A district court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2254 Cases (2010); *see also* Fed.R.App.P. 22(b) ("If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue."). Pursuant to the AEDPA, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," as this Court has just decided, a certificate of appealability should issue under § 2253(c)(2), "if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* "In such a circumstance, no appeal would be warranted." *Id.*

The Court declines to issue Petitioner a Certificate of Appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's Habeas Petition was filed outside the one-year limitations period.

## IV. CONCLUSION

Petitioner's convictions became final before the AEDPA's effective date and, therefore, he was required to file his Habeas Petition before the Act's, April 24, 1997, grace-period expired. Petitioner failed to do so and he is not entitled to statutory or equitable tolling of the limitations period. As a result, his Petition is barred by the statute of limitations set forth in the AEDPA.

Accordingly,

**IT IS ORDERED** that Respondent's "Motion for Summary Judgment" [Dkt. # 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a Certificate of Appealability.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, and Counsel for the Respondent via ordinary U.S. Mail and electronically.

s/Bernadette M. Thebolt
Case Manager